Brent H. Blakely (SBN 157292)
brentblakely@earthlink.net
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

***Attorneys for Plaintiffs Rocawear Licensing, LLC, Roc Apparel Group, LLC, and Christian Casey LLC dba Sean John***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCAWEAR LICENSING, LLC, et al., | CASE NO. CV 07-0377 MMM (PJWx) |
| Plaintiffs, | |
| vs. | ***APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS JBM INTERNATIONAL, INC. AND JOE SOFFER*** |
| BRANCO ENTERPRISES, INC., et al., | |
| Defendants. | Hearing: |
| | Date: December 8, 2008<br>Time: 10:00 a.m.<br>Courtroom: 780 – Roybal |
| | **Hon. Margaret M. Morrow** |

TO: THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, December 8, 2008 at 10:00 a.m., or as soon thereafter as this matter may be heard by the Court, located at 255 East Temple Street, Los Angeles, California 90012, Courtroom 780, Plaintiffs Rocawear Licensing, LLC, Roc Apparel Group, LLC, and Christian Casey LLC dba Sean John will present their Application for Default Judgment against Defendants JBM International, Inc. and Joe Soffer (collectively "Defaulting Defendants") pursuant to Federal Rule of Civil Procedure 55 on its claim for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

At the time and place of hearing, Plaintiffs will present proof of the following matters:

1. On January 16, 2007, Plaintiffs filed a Complaint against Defendant Branco Enterprises, Inc. for Trademark Infringement, Trademark Dilution, and Unfair Competition under state and federal law. (Declaration of Cindy Chan ("Chan Decl."), ¶ 3)

2. On February 12, 2007, On February 12, 2007, Defendants JBM International, Inc. and Joe Soffer were identified as Doe Defendants 1 and 2. (Chan Decl., ¶ 4)

3. Defendants JBM and Joe Soffer were served with the Summons and Complaint on March 9, 2007. (Chan Decl., ¶ 5)

4. This Court entered defaults against JBM and Mr. Soffer on October 27, 2008 and November 3, 2008, respectively. (Chan Decl., ¶ 8)

5. Defaulting Defendants are infants or incompetent persons or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (Chan Decl., ¶ 9)

6. Notice of this Application was served on the defaulting parties on November 10, 2008, pursuant to Local Rule 55-1 and FRCP 55(b)(2). (Chan Decl., ¶ 10)

7. Plaintiffs are entitled to a default judgment against the Defaulting Defendants on account of the claim pleaded in the Complaint, to wit: Federal Trademark Infringement in violation of the Lanham Act, 15 U.S.C. §1114.

8. The Judgment sought against the Defaulting Defendants consist of the sum of $200,000.00 in damages and $7,600.00 in attorneys' fees and the costs of this action.

/ / /

/ / /

/ / /

The Application is based on this Notice, the Declaration of Cindy Chan, the Memorandum of Points and Authorities in support of this Application for Default Judgment, and the pleadings, files and other matters that may be presented at the hearing.

DATED: November 10, 2008 BLAKELY LAW GROUP

By: [signature]

Cindy Chan
***Attorneys for Plaintiffs Rocawear Licensing, LLC, Roc Apparel Group, LLC, and Christian Casey LLC dba Sean John.***

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 1

A. Rocawear's Family of Trademarks and Logos ..... 1

B. Sean John's Family of Trademark and Logos ..... 2

C. Defendants' Infringing Conduct and Failure to Litigate ..... 3

III. LEGAL ARGUMENT ..... 3

A. Legal Standard for Entry of Default and Default Judgment ..... 3

1. Possibility of Prejudice to Plaintiffs ..... 4

2. Merits of Plaintiffs' Substantive Claim and Sufficiency of the Complaint ..... 5

3. Sum of Money at Stake ..... 6

4. Possibility of Dispute Concerning Material Facts ..... 6

5. Whether Default was Due to Excusable Neglect ..... 6

6. Strong Policy Underlying the Federal Rules of Civil Procedure ..... 7

B. Plaintiffs are Entitled to its Lost Profits and Disgorgement of Profits Pursuant to 15 U.S.C. § 1117(a) ..... 7

C. Plaintiffs are Entitled to Statutory Damages Pursuant to 15 U.S.C. § 1117(c) ..... 8

D. Plaintiffs are Entitled to Recover Attorneys' Fees ..... 10

E. Plaintiffs are Entitled to Costs ..... 10

F. Plaintiffs are Entitled to a Permanent Injunction ..... 11

IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) .......... 4

Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977) .......... 4

Gucci America v. Duty Free Apparel, 286 F.Supp. 2d 284, 287 (E.D.N.Y. 2003) .......... 5

Lau Ah Yew v. Dulles, 236 F.2d 415 (9th Cir. 1956) .......... 3

Levi Strauss v. Shilon, 121 F.3d 1309, 1319 (9th Cir. 1997) .......... 10

Nike Inc. v. Variety Wholesalers, Inc., 274 F. Supp. 2d 1352, 1374 (S.D. Ga. 2003) .......... 9

Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal., 2002) .......... 6, 7, 11

Philip Morris U.S.A. Inc. v. Castworld Prods., 219 F.R.D. 494, 501 (D. Cal., 2003) .......... 8, 9

Polo Fashions v. Dick Bruhn, 793 F2d 1132, 1135 (9th Cir. 1986) .......... 7

United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1235 (10th Cir., 2000) .......... 7

Brookfield Communications v. West Coast Entertainment, 174 F.3d 1036, 1046 (9th Cir. 1999) .......... 5

General Motors v. Autovision Technologies, 317 F.Supp. 2d 756, 761 (E.D. Mich. 2004) .......... 5

Intel Corp. v. Terabyte Intern., Inc., 6 F.3d 614, 620 (9th Cir. 1993) .......... 10

Kingvision Pay-Per-View, Ltd. v. Rivers, 2000 WL 356378, *1 (N.D.Cal. 2000) .......... 4

Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1405 (9th Cir., 1993) .......... 7, 10

Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) .......... 4


**FEDERAL STATUTES**

15 U.S.C. 1116(d) ........ 8
15 U.S.C. §1114(a)(1 ........ 5
15 U.S.C. §1117(a) ........ 7, 10
15 U.S.C. § 106 ........ 2
15 U.S.C. § 1114 ........ 3, 5
15 U.S.C. § 1117(c)(2) ........ 9
15 U.S.C. § 1114 ........ 4
15 U.S.C. § 1116(a) ........ 11
15 U.S.C. § 1117(b) ........ 10
15 U.S.C. §1117(c) ........ 8,9

**FEDERAL RULES**

FRCP 55(a) ........ 7
FRCP 55(b) ........ 3,7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 16, 2007, Plaintiffs Rocawear Licensing, LLC, Roc Apparel Group, LLC (hereinafter collectively "Rocawear") and Christian Casey LLC dba Sean John (hereinafter "Sean John") filed a Complaint in the above-entitled matter against Branco Enterprises, Inc. (hereinafter "Branco") for trademark infringement and related claims regarding the purchase and sale of counterfeit Rocawear and Sean John-branded goods. Plaintiffs discovered that Defendants JBM International, Inc. (hereinafter "JBM") and its agent, Joe Soffer, had supplied the counterfeit goods to Branco, and thereafter identified them as Doe Defendants 1-2 on February 12, 2007. On November 28, 2008, Mr. Stephen Lopez, Esq. filed an Answer on behalf of JBM and Mr. Sofffer. However, Mr. Lopez withdrew from counsel and JBM and Mr. Soffer have failed to retain new counsel and Mr. Soffer has failed to defend himself *pro se* in this case. Consequently, this Court entered defaults against JBM and Mr. Soffer on October 27, 2008 and November 3, 2008, respectively. This case has been fully resolved as to Defendant Branco Enterprises, Inc. Based on the foregoing, Plaintiffs respectfully request that this Court grant Plaintiffs' Application for Default Judgment against Defendants JBM International, Inc. and Joe Soffer ("Defaulting Defendants").

## II. STATEMENT OF FACTS

### A. Rocawear's Family of Trademarks and Logos

Plaintiff Rocawear Licensing, LLC is the worldwide owner of the trademarks Rocawear and various composite trademarks comprising the Rocawear mark and assorted design components (hereinafter, collectively, the "Rocawear Marks"). (Complaint, ¶ 11) Plaintiff Roc Apparel Group LLC through an exclusive license from Rocawear Licensing, LLC has the exclusive right to use, enforce and benefit from the Rocawear trademarks, including but not limited to U.S. Registration No. 2,434,124 for the Rocawear mark and U.S. Registration No. 2,633,943 for the Rocawear plus RW Design mark for clothing and footwear in International Class 25. (Complaint, ¶ 12)

Rocawear-branded products, and their packaging all prominently bear the trademark Rocawear. Each of the Rocawear Marks has been continually used in commerce since its respective date of first issue. (Complaint, ¶¶ 15-16) Because of Plaintiffs' extensive use of the Rocawear Marks, the Rocawear line has built up significant goodwill therein. The success of Plaintiffs' marketing efforts is evidenced by, among other things, the Rocawear® products and the unsolicited media attention that the Rocawear line has received. (Complaint, ¶ 17)

**B. <u>Sean John's Family of Trademark and Logos</u>**

Sean John has been and is now engaged in the business of manufacturing, promoting, distributing, and selling its high-quality clothing. All of Sean John's products are manufactured pursuant to its strict specifications and quality control. (Complaint, ¶ 29) Sean John has long used, prior to the acts of Defendants herein, several trademarks, including but not limited to Sean John, in plain and stylized format. (Complaint, ¶ 30) Sean John is the owner of the world-famous mark Sean John. On February 9, 1999, the Sean John mark was registered on the Principal Register of the United States Patent & Trademark Office as Registration No. 2466699, for "T-shirts, jackets, pants, shirts, coats, bandannas, sweatshirts, headwear and fashion accessories, namely underwear, boxer shorts." Sean John has since registered its marks in connection with a variety of goods. Sean John's rights to use in commerce the Sean John marks have become incontestable pursuant to 15 U.S.C. § 1065. (Complaint, ¶ 31) The registrations for these Sean John marks are valid, subsisting, and exclusively owned by Sean John. (Complaint, ¶ 32) At all times relevant hereto, Sean John's Marks have been continually used by Sean John throughout the world and in the United States, including California, on or in connection with the manufacture, distribution, sale and promotion of its products. (Complaint, ¶ 33)

As a result of Sean John's widespread and continuous use, advertisement, and promotion of its products in connection with Sean John's Marks, they have become widely known and recognized as identifying Sean John as the source of a wide variety

of clothing and related goods and as distinguishing such goods from those of others. Sean John's Marks have come to represent and symbolize the excellent reputation of Sean John's products and Sean John's valuable goodwill among members of the public throughout the world and in the United States, including California. Sean John's Marks have acquired a secondary meaning throughout the world and in the United States, including California. (Complaint, ¶ 34)

**C. Defendants' Infringing Conduct and Failure to Litigate**

This case involves the purchase, sale, and distribution of counterfeit goods bearing the Rocawear and Sean John Marks by the Defaulting Defendants. On January 16, 2007, Plaintiff filed a Complaint against Defendant Branco Enterprises, Inc. for Trademark Infringement, Trademark Dilution, and Unfair Competition under state and federal law. (Declaration of Cindy Chan ("Chan Decl."), ¶ 3) Plaintiffs discovered that JBM International, Inc. and its agent, Joe Soffer, had supplied to Branco said counterfeit goods and thereafter identified them as Doe Defendant 1 and 2 of the Complaint. (Chan Decl., ¶ 4) On November 28, 2008, Mr. Stephen Lopez, Esq. filed an Answer on behalf of JBM and Mr. Sofffer. However, Mr. Lopez withdrew from counsel and JBM and Mr. Soffer have failed to retain new counsel and Mr. Soffer has failed to defend himself *pro se* in this case. Consequently, this Court entered defaults against JBM and Mr. Soffer on October 27, 2008 and November 3, 2008, respectively. (Chan Decl., ¶ 8) This case has been fully resolved as to Defendant Branco Enterprises, Inc.

## III. LEGAL ARGUMENT

**A. Legal Standard for Entry of Default and Default Judgment**

Pursuant to FRCP Rule 55(b), a default judgment may be entered by the clerk as well as by the court. FRCP 55(b)(2) governs applications to the Court for a judgment by default. [Lau Ah Yew v. Dulles, 236 F.2d 415 (9th Cir. 1956)]

In the Ninth Circuit, a district court may consider the following factors in exercising its discretion to award a default judgment: (1) the possibility of prejudice to

the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. [Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)].

In applying this discretionary standard, the factual allegations contained in the plaintiff's complaint will be taken as true, except for those relating to the amount of damages. [Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); Kingvision Pay-Per-View, Ltd. v. Rivers, 2000 WL 356378, *1 (N.D.Cal. 2000)]

***1. Possibility of Prejudice to Plaintiffs***

Plaintiffs would be extremely prejudiced if default judgment was not granted against the Defaulting Defendants. Through the sale and offer for sale of counterfeit Rocawear and Sean John products, Defendants have injured Plaintiff's reputation in the clothing industry as well as Plaintiffs' business. Specifically, consumers who purchased Defendants' counterfeit products were confused as to their source, believing them to be genuine Rocawear and/or Sean John products, and were inevitably disappointed by the inferior quality, design and style of Defendants' counterfeit products. However, it is Plaintiffs, not Defendants, who suffer from the tremendous loss of goodwill and reputation each time Defendants sell their counterfeit products to the public. Additionally, since Defendants were holding out to the public that its merchandise was authentic, Plaintiffs suffered a financial loss from lost sales of genuine Rocawear and Sean John products to the consuming public.

The Defaulting Defendants have yet to suffer any negative consequences from their illegal counterfeiting activities. Therefore, it is highly likely that the Defaulting Defendants will continue to infringe upon Plaintiffs' Rocawear and Sean John Marks, causing even further injury to Plaintiffs. As such, if default judgment is not granted, Plaintiffs will be left with no recourse for their injuries to their reputation and business

caused by Defendants' illegal counterfeiting activities, as well as for their efforts in litigating this case. Such an outcome would certainly be prejudicial to Plaintiffs and as such, this first Eitel factor supports a default judgment award to Plaintiffs.

***2. Merits of Plaintiffs' Substantive Claim and Sufficiency of the Complaint***

With respect to the merits of Plaintiffs' substantive claim (second factor) and the sufficiency of the complaint (third factor), Plaintiffs have set forth a well-pleaded Complaint, and has listed all the essential facts and elements as to each of its causes of action against Defendants, including a cause of action for Federal Trademark Infringement under 15 U.S.C. § 1114 of the Lanham Act.

To prevail on its trademark infringement claim under the Lanham Act, Plaintiffs must prove that, without its consent, Defendants used in commerce a reproduction or copy of Plaintiff's registered trademark in connection with the sale or advertising of any goods or services, and that such use is likely to cause confusion, mistake, or deceive customers. [15 U.S.C. §1114(a)(1); Brookfield Communications v. West Coast Entertainment, 174 F.3d 1036, 1046 (9th Cir. 1999)] Likelihood of confusion is presumed in a case where, as here, the Defendants have manufactured, sold or distributed counterfeit goods. [Gucci America v. Duty Free Apparel, 286 F.Supp. 2d 284, 287 (E.D.N.Y. 2003); Phillip Morris USA v. Felizardo, 2004 U.S. Dist. Lexis 11154, *8 (S.D.N.Y. 2004); General Motors v. Autovision Technologies, 317 F.Supp. 2d 756, 761 (E.D. Mich. 2004)]

As such, Plaintiffs properly allege the necessary elements for a cause of action for trademark infringement in violation of the Lanham Act. The complaint identifies Plaintiffs' ownership of and exclusive rights to use the incontestible and registered Rocawear and Sean John marks. (Complaint, ¶¶ 11-12, 30-31) Defendants used the Marks in commerce, in connection with the purchase, advertising and sale of counterfeit products bearing Plaintiffs' respective trademarks without their consent. (Complaint, ¶¶ 36-40) In addition, Plaintiffs' Complaint alleges that Defendants' use

of the Rocawear and Sean John Marks is likely to cause confusion or mistake or to deceive customers and has thereby caused damage to Plaintiffs. (Complaint, ¶¶ 41-42) Accordingly, the second and third Eitel factors likewise favor entry of default judgment against Defendants.

***3. Sum of Money at Stake***

With respect to the fourth factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." [Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal., 2002)] Defendants have engaged in illegal transactions involving the sale and distribution of counterfeit products. Defendants' actions have caused damage to Plaintiffs' reputation in the clothing industry and have diverted profits away from Plaintiffs, the legitimate owners of the Rocawear and Sean John Marks. Moreover, the Defaulting Defendants continue to ignore this lawsuit by failing to plead or otherwise defend in this action. Due to such reprehensible conduct on the part of the Defaulting Defendants, Plaintiff is entitled to a substantial default judgment award.

***4. Possibility of Dispute Concerning Material Facts***

Plaintiffs have satisfied the fifth Eitel factor as well, since all well-pleaded facts in the Complaint are to be taken as true upon entry of default. In this case, Plaintiff has filed a well-pleaded complaint alleging the facts necessary to establish its claims, and this Court has entered default against the Defaulting Defendants. Consequently, there is no dispute regarding the material averments of the Complaint, and the likelihood that any genuine issue exists is at best, remote. [See Phillip Morris, 219 F.R.D. at 500]

***5. Whether Default was Due to Excusable Neglect***

Since this Court granted Mr. Lopez's withdrawal as attorney of record for Defendants on September 29, 2008, the JBM and Mr. Soffer have failed to retain new counsel and Mr. Soffer has failed to otherwise defend himself *pro se* as directed by this Court. Despite Defendants' non-appearance, Plaintiffs have continued to serve

Defendants with all paperwork in this case. Defendants have ignored all of Plaintiffs' efforts to reach out. (Chan Decl., ¶ 7) Such behavior by said Defendants should in no way be seen as excusable neglect, and as such, the sixth Eitel factor supports a default judgment award in favor of Plaintiffs.

***6. Strong Policy Underlying the Federal Rules of Civil Procedure***

Finally, the mere existence of FRCP 55(b) indicates that the seventh Eitel factor is not alone dispositive. [Phillip Morris, 219 F.R.D. at 501] The Defaulting Defendants have failed to set forth any type of defense to this action. Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." [Id. See also Pepsico, Inc. v. Cal. Sec. Cans., 238 F.Supp.2d 1172, 1177 (C.D.Cal., 2002)] Therefore, the seventh factor also favors granting a default judgment in favor of Plaintiffs.

**B. Plaintiffs are Entitled to its Lost Profits and Disgorgement of Profits Pursuant to 15 U.S.C. § 1117(a)**

Trademark infringement plaintiffs may recover (1) defendants profits; (2) damages sustained by the Plaintiff; and (3) the costs of the action. [15 U.S.C. §1117(a); Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1405 (9th Cir., 1993)]. "The purpose of section 1117 is to take all the economic incentives out of trademark infringement. [Polo Fashions v. Dick Bruhn, 793 F2d 1132, 1135 (9th Cir. 1986)] Typically, a plaintiff is entitled to either 1) defendant's profits or 2) plaintiff's lost profits. [United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1235 (10th Cir., 2000)]

Since the Defaulting Defendants have not provided any discovery in this case, Plaintiff lacks information sufficient to determine the exact amount of defendants' profits or the amount of counterfeit clothing actually sold by them. However, Plaintiffs know that Defendant Branco Enterprises, Inc. purchased at least 5,698 units of counterfeit Rocawear and Sean John jeans from JBM. (Chan Decl., ¶ 12 ) Plaintiffs' profit per unit for authentic Rocawear and Sean John jeans is approximately

$17 per unit. As such, Plaintiffs' lost profits are over $90,000.00. (Chan Decl., ¶ 13) Since the Defaulting Defendants supplied the counterfeit products to Branco, the Defaulting Defendants are liable to Plaintiffs for at least $90,000.00 in lost profits.

**C. Plaintiffs are Entitled to Statutory Damages Pursuant to 15 U.S.C. § 1117(c)**

As an alternative form of relief, Plaintiff asks the Court to award it statutory damages pursuant to 15 U.S.C. §1117(c). Section 1117(c) of the Lanham Act provides, in pertinent part:

> "(c) In a case involving the use of a counterfeit mark (as defined in section 34(d) (15 U.S.C. 1116(d)) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of–
> (1) not less than $ 500 or more than $ 100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just" [15 U.S.C. § 1117(c)]

Since the focus of the statutory damages provision under §1117(c) is of deterrence, statutory damages do not need to equal the amount of plaintiff's actual damages. [Philip Morris U.S.A. Inc. v. Castworld Prods., 219 F.R.D. 494, 501 (D. Cal., 2003) (where Court entered default judgment against Defendant and awarded statutory damages to Plaintiff after Defendant had failed to file any sort of response to Plaintiff's complaint)]

In Phillip Morris, plaintiff sought a statutory damages award against defendant in default who imported 8,000,000 counterfeit cigarettes bearing imitations of plaintiff's federally registered trademarks. [Id. at 497] Despite the fact that defendant had yet to sell or distribute these counterfeit cigarettes to potential customers, the court awarded plaintiff $2,000,000 in statutory damages, for infringing on two of plaintiff's federally registered trademarks. [Id. at 502]. The court reasoned that statutory damages should be awarded to plaintiff under the Lanham Act in order to deter

defendant and similarly situated counterfeiters from future trademark infringement and to compensate plaintiff for the damages caused by defendant's counterfeiting activities. [Id. at 501].

Although Defendants had yet to earn profits from the large inventory of counterfeit products seized, the law makes it clear that Plaintiffs are still entitled to statutory damages under §1117(c) of the Lanham Act based on a theory of deterrence. Furthermore, it is reasonable to conclude that the amount of counterfeit products actually sold by Defendants is far greater than what was in their inventory during the seizure.

Consistent with the ruling in Philip Morris, Plaintiffs seek to discourage the Defaulting Defendants and those similarly situated to them from selling, offering for sale, or distributing products bearing counterfeit reproductions of Plaintiffs' famous Rocawear and Sean John trademarks. If the Defaulting Defendants were not required to pay statutory damages, their counterfeiting activities would likely continue and expand, causing further damage to both Plaintiffs and the consuming public.

Under the Lanham Act, where the court finds that use of the counterfeit mark was willful, plaintiff is entitled to up to $1 million in statutory damages per counterfeit mark per type of goods sold, offered for sale, or distributed. [15 U.S.C. § 1117(c); Phillip Morris, 219 F.R.D. at 502] For instance, in Nike, the court awarded plaintiff Nike four separate statutory damages awards based on one trademark. [Nike Inc. v. Variety Wholesalers, Inc., 274 F. Supp. 2d 1352, 1374 (S.D. Ga. 2003)] The court held that despite the fact that only one trademark was infringed, four awards should be given because the trademark was placed on four "types of goods": (1) socks, (2) shirts, (3) sweatshirts, and (4) sweatpants. [Id.]

Plaintiffs have alleged in the Complaint that Defendants' acts were willful and in reckless disregard of Plaintiffs' rights to Plaintiffs' respective trademarks. (Complaint, ¶¶ 42-44) Consequently, Plaintiffs are entitled to statutory damages under 15 U.S.C. § 1117(c)(2) of the Lanham Act. Since the Defaulting Defendants have

infringed on at least one of Plaintiffs' registered trademarks, each Plaintiff is entitled to an award of up to $1,000,000 in statutory damages. However, in this present Application for Default Judgment, Plaintiffs are only seeking the amount of $200,000.00 in statutory damages.

**D. Plaintiffs are Entitled to Recover Attorneys' Fees**

Plaintiffs are entitled to attorneys' fees pursuant to 15 U.S.C. §1117(b), which provides in pertinent part: "the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater, together with a reasonable attorneys' fee, in the case of any violation . . . that consists of intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services." [15 U.S.C. §1117(b); Intel Corp. v. Terabyte Intern., Inc., 6 F.3d 614, 620 (9th Cir. 1993)]. The Ninth Circuit has stated that the "extenuating circumstances" exception under the Lanham Act is extremely narrow. [Levi Strauss v. Shilon, 121 F.3d 1309, 1319 (9th Cir. 1997)]. Thus, because Defendants' willful counterfeiting activities have infringed on Plaintiffs' marks, Plaintiffs are entitled to reasonable attorneys' fees pursuant to §1117(b) of the Lanham Act. [Id].

Pursuant to Local Rule 55-3, the attorneys' fees for a judgment over $100,000.00 shall be $5,600.00 plus 2% of the amount over $100,000.00. [C.D. Cal. Loc. R. 55-3] Since Plaintiffs seek $200,000.00 in damages, Plaintiff's counsel is entitled to $7,600.00 in attorneys fees.

**E. Plaintiffs are Entitled to Costs**

As mentioned above, in addition to damages under the Lanham Act, Plaintiffs are also entitled to its costs. [15 U.S.C. §1117(a); Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1405 (9th Cir., 1993)]. Pursuant to Local Rule 54-3, Plaintiffs will submit its Bill of Costs within 15 days of entry of judgment.

/ / /

/ / /

**F. Plaintiffs are Entitled to a Permanent Injunction**

"The Lanham Act gives the court 'power to grant injunctions according to the rules of equity and upon such terms as the court may deem reasonable, to prevent the violation' of a mark holder's rights." [Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); 15 U.S.C. §1116(a)] Permanent injunctions are routinely granted in cases where, like the instant case, a defendant has not appeared in the action at all. [Philip Morris, 219 F.R.D. at 502; Pepsico, 238 F.Supp.2d at 1178] As such, Plaintiffs also request that this Court order a permanent injunction against the Defaulting Defendants to enjoin them from using the Rocawear and Sean John Marks in connection with the sale and offer for sale of infringing products.

## IV. CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court enter default judgment in the amount of $200,000.00 against the Defaulting Defendants, to be jointly and severally liable, in addition to an award of attorneys' fees in the amount of $7,600.00 in addition to costs of this action.

DATED: November 10, 2008 BLAKELY LAW GROUP

By: ______________________
Cindy Chan
***Attorneys for Plaintiffs Rocawear Licensing, LLC, Roc Apparel Group, LLC, and Christian Casey LLC dba Sean John.***