JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCAWEAR LICENSING, LLC, a New Jersey Limited Liability Company; ROC APPAREL GROUP, LLC, a New York Limited Liability Company; and CHRISTIAN CASEY, LLC, a New York Limited Liability Corporation d/b/a Sean John, <br><br> Plaintiffs, <br><br> vs. <br><br> BRANCO ENTERPRISES, INC.; JBM INTERNATIONAL, INC.; and JOE SOFFER, <br><br> Defendants. | CASE NO. CV 07-00377 MMM (PJWx) <br><br> JUDGMENT FOR PLAINTIFFS |

On January 16, 2007, Rocawear Licensing LLC, Roc Apparel Group LLC, and Christian Casey LLC d/b/a Sean John ("plaintiffs") filed a complaint against Branco Enterprises, Inc., JBM International, Inc., and Joe Soffer.  In April 2007, plaintiffs entered into a stipulated settlement with Branco Enterprises, which was dismissed as a defendant.  The clerk entered JBM International's default on October 27, 2008, and Soffer's default on November 3, 2008.  Plaintiffs then moved for default judgment.  In an order dated July 22, 2009, the court granted plaintiffs' motion for default judgment.  Accordingly,

IT IS ORDERED AND ADJUDGED

    1.    That judgment be entered in favor of plaintiffs Rocawear Licensing, LLC,

Roc Apparel Group, LLC, and Christian Casey LLC dba Sean John, who shall recover from defendants JBM International and Joe Soffer (collectively "defendants"), jointly and severally, $200,000 in statutory damages and $7,600 in attorneys' fees. Plaintiffs shall also recover post-judgment interest at a rate of 0.48% and costs.

2.    That defendants, their officers, agents, servants and employees and any persons in active concert or participation with them are permanently enjoined and restrained:

(a)    From using plaintiffs' respective trademarks or any reproduction, counterfeit, copy or colorable imitation of plaintiffs' respective trademarks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise that is not plaintiffs' genuine merchandise;

(b)    From passing off, inducing or enabling others to sell or pass off as genuine any apparel or other items that are not plaintiffs' genuine merchandise;

(c)    From committing any other acts calculated to cause others to believe that defendant's counterfeit products are connected with plaintiffs and/or plaintiffs' genuine merchandise; and

(d)    From shipping, delivering, holding for sale, distributing, or transferring in any manner items falsely bearing plaintiffs' respective trademarks, or any reproduction, counterfeit, copy or colorable imitation of same.

3.    That plaintiffs recover their costs of suit herein; and

4.    That the action be, and it hereby is, dismissed.

DATED: July 22, 2009

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

2